1 Roy Tuck
Deborah Tuck
2 1600 E. Vista Way #85
Vista, CA 92084
3 Ph: 760-840-1551

4 Clarice Tuck
1600 E. Vista Way #110
5 Vista, CA 92084
Ph: 760-724-9439

6

7 Plaintiff In Pro Se

8 **IN THE UNITED STATED DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

9

10 ROY TUCK,                        )   Case No. 16-CV-00230-CAB-DHB
DEBORAH TUCK,                  )
11 CLARICE TUCK,                  )   [Related to]
                                 )
12            Plaintiff's,        )   Case No. 16-CV-00231-CAB-DHB
                                 )
13 v.                              )   **1ST AMENDED COMPLAINT FOR DAMAGES**
                                 )   **AND INJUNCTIVE RELIEF PURSUANT TO**
14 HCC SURETY,                    )
[a California Corporation,]      )   VIOLATIONS OF (TCPA)   47 U.S.C. § 227 et. seq.
15                                 )   VIOLATIONS OF (FDCPA) 15 U.S.C. §1692 et seq.
                                 )   VIOLATIONS OF (FCRA)   15 U.S.C. §1681 et seq.
16                                 )   VIOLATIONS OF CALIFORNIA ROSENTHAL ACT
                                 )   [California Rosenthal Fair Debt Collection Practices Act]
17                                 )
                                 )   DECLARATORY RELIEF
18                                 )   **DEMAND FOR JURY TRIAL**
                                 )
19                                 )   DATE: AUGUST 19, 2016
                                 )   CTRM: 4C
20                                 )
                                 )   BEFORE THE HONORABLE
21                                 )   CATHY ANN BENCIVENGO

22          **I.    1ST AMENDED COMPLAINT**

23      **1.**  Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the Plaintiffs'

24 ROY TUCK and DEBORAH TUCK moved this honorable Court For Leave to Amend their

25 previously filed Complaint's dated January 29, 2016 by filing in conjunction with this/their

26 1st Amended Complaint, a Notice of Motion and Motion for Leave of Court to File

27 1st Amended Complaint for Damages and Injunctive Relief.

28      As grounds therefore, the Plaintiffs' provide as follows:

2.    Plaintiffs' ROY TUCK, DEBORAH TUCK and CLARICE TUCK, individually, hereby sues Defendant HCC SURETY for strict statutory violations of the following:

1)    <u>The Telephone Consumer Protection Act</u>  (TCPA) 47 U.S.C.§227 *et. seq.*

2)    <u>The Fair Debt Collection Practices Act</u>  (FDCPA) 15 U.S.C. §1692 *et seq.*

3)    <u>The Fair Credit Reporting Act</u> (FCRA) 15 U.S.C. §1681 *et seq.*

4)    <u>The California Rosenthal Fair Debt Collection Practices Act</u> <u>(CRFDCPA)</u> Civil Code Section 1788 *et seq.*

## II.    <u>PRELIMINARY STATEMENT</u>

3.    This is an action for damages and injunctive relief brought by the Plaintiffs' against the Defendants' for violations of the United States (TCPA) (FDCPA) and (FCRA) and California Rosenthal State counterpart claims.

4.    Upon belief and information, Plaintiffs' contend that many of these practices are widespread for this particular Defendant. Plaintiffs' intend to propound discovery to the Defendant identifying these other individuals who have suffered similar violations.

5.    Plaintiffs' contend that the Collection Company Defendant has violated such laws by repeatedly harassing the Plaintiffs' via telephone calls, mailed written threats of civil lawsuit litigations, illegally using the threat of the placing of negative credit lines on Plaintiffs' credit files as leverage to collect on an alleged consumer debt, all the while using illegal over-zealous practices to collect alleged but nonexistent consumer debt.

## III.    <u>JURISDICTION AND VENUE</u>

6.    Jurisdiction of this Court arises under 47 U.S.C.§227(b)(3) and 15 U.S.C. §1692(k)(d), *supplemental jurisdiction* also exists for the state law claims pursuant to California Stat.§1788 and California Code of Civil Procedure §410.10.

7.    The above-named Defendant HCC SURETYis a California Corporation which conducts business in the State of California on a daily basis and therefore personal jurisdiction is established. The jurisdiction of this court is *further conferred* by 15 U.S.C.§1681p.

8.   Venue is proper pursuant to 28 U.S.C.§1391b and California Civil Procedure §395(a). Venue in this San Diego Ninth District Court is proper in that all three (3) Plaintiffs' ROY TUCK, DEBORAH TUCK and CLARICE TUCK all reside in beautiful San Diego County of this great state of California.

9.   The Defendant HCC SURETY transacts business in San Diego County, and the conduct complained of occurred in San Diego County.

10.   This is an action for statutory damages and injunctive relief which exceeds $65,000.00 U.S. Dollars.

## IV.   <u>THE PARTIES</u>

11.   ROY TUCK (57 years old),  DEBORAH TUCK (53 years old) and CLARICE TUCK (87 years old) (hereinafter "the Plaintiffs'") are all natural persons and long time resident's of the State of California, San Diego county, Vista, 92084.

12.  The Defendant HCC SURETY [a California Corporation] with a corporate office location of 601 South Figueroa Street, Suite 1600, Los Angeles, CA,90017 will be referred to (hereinafter as "the Defendant")) who during the course of their daily business *collects consumer debts nationwide*.

## VI.   <u>FACTUAL ALLEGATIONS</u>

13.   The Plaintiffs'are hereby stating that they *have never had any  prior or present established relationship*[s] with the Defendant as it pertains to *ANY negative consumer debt account* or *ANY other alleged accounts in ANY AMOUNTS*.

14.   The Plaintiffs' *last year* of contracting and performing landscaping jobs with C.S.L.B. C-27 Landscaping License No. #806544 and carrying any active $12,500.00 dollar Contractors' bonding coverage **was November of 2009**. **The Defendant HCC would have this court believing otherwise**.

15.   Due to the United States nationwide economy crash/collapse of 2008, Plaintiffs' thriving large specimen palm tree moving & sales business went from having 15 employees on their monthly payroll to being completely shut down and not doing *ANY* business by **November of 2009.**

16.    The crashed economy left the Plaintiffs's in the same debt crisis as millions of other unsuspecting United States citizens and *created a new thriving robust consumer debt collection business* that seemed to increase exponentially by the day unleashing all kinds of illegal debt collection practices on allegedly owing consumers nationwide, *weather they owed the debt or not*.

17.    On or about March of 2015 The Plaintiffs' requested copies of their individual consumer credit files from the three largest credit reporting agencies Experian, Equifax and Trans Union.

18.    On or about April of 2015 Plaintiffs' received their individual credit files and discovered two negatively reported credit lines they did not recognize. **[SEE EXHIBIT "A"attached herein]** Two negatively reported *consumer collection accounts'* with partial HCC SURETY account numbers AC18456 and AC25312

19.    On April 10, 2015 Plaintiffs' mailed via certified mail pursuant to the United States Fair Credit Reporting Act a dispute demand letter to Experian a national credit reporting agency disputing these same two (2) HCC SURETY negatively reported accounts, **[SEE EXHIBIT "B" and "B.1" attached herein].**

20.    On or about May 15, 2015 Plaintiffs' mailed a second dispute demand letter to Experian re-disputing these same two (2) HCC SURETY negatively reported accounts, and requested them to conduct a second re-investigation into the correctness and accuracy of these two nationally negatively reported consumer credit lines.

21.    To date, Plaintiffs' have mailed *several dispute letters* to the Defendant requesting validation/certification of the alleged debts which Defendants' Subrogation & Loss Mitigation manager Suzanne Bacoccio has answered by mail on June 04, 2015, June 23, 2015 and January 7, 2016. To date, Defendant and Suzanne Bacoccio has yet to provide Plaintiffs' with *one single document* with any of the Plaintiffs' signatures being on any **HCC SURETY paperwork**, thus, Defendant has to date NEVER properly *validated or certifed the debt* to the Plaintiffs' and this honorable Court.

22.    On or about mid May of 2015 Plaintiffs' also discovered that the Defendant had filed two (2) bogus civil claims against Plaintiffs' ROY TUCK and DEBORAH TUCK in the Los Angeles Superior Court. Plaintiffs' were **NEVER** properly served with service of process on this state case and in May of 2015 Plaintiff's filed a Motion to set aside the erroneous judgement against them and filed along with this motion as an answer a demurrer. That case is on calendar for this November.

23.    On January 29, 2016 Plaintiffs' ROY TUCK and DEBORAH TUCK filed a *prima facie* verified Complaint *with short simple plain statement of facts* pursuant to Federal Civil Rule 8a clearly stating the relief requested therein, *properly alleging* statutory violations of the (TCPA) (FDCPA) (FCRA) and various state counterparts.

24.    On March 15, 2016 the Defendant filed a Motion to Dismiss pursuant to Federal Civil Rules 12(b)(1) and 12(b)(6) attempting to ***misdirect the court by submitting off point pleadings with irrelevant, redundant, immaterial, or scandalous matter of facts into this case at the wrong time, where none are pertinent.*** Please **[SEE EXHIBITS' C.1 and C.2 attached hereto].** The Defendants' council and Subrogation & Loss Mitigation manager Suzanne Bacoccio would have the court believing these documents are legitimate clear cut proof that the Plaintiffs' had a written signed binding contract with the named Defendant HCC SURETY on August 23, 2007 when this document was allegedly signed by the Plaintiffs'. Plaintiffs' would like to move this court to take notice that these same documents that are supposed to be the "teeth" of the Defendants' Motion to Dismiss <u>filed evidence that is "not provable"</u> and Plaintiffs' submit the following questions to the honorable Court about these two (2) documents?:

    a)    Who sent this fax? [This document *appears* to have been faxed to the someone from "Licensed Insurance Schools" Who received this fax?

    b)    Just because Defendants' Subrogation & Loss Mitigation manager Suzanne Bacoccio and their attorney of record requests this court to sit up and take "Judicial Notice" *does not make these two(2) documents* "<u>true facts</u>".

    c)    These two (2) documents do not bear the name of <u>Defendant HCC Surety anywhere</u> upon them.

    d)    These two (2) documents ***only*** bear the name of Licensed Contractors Insurance Agency on them out of Sacramento, CA 95827.

e)    Plaintiffs' believe the Defendant by and through their attorney of record and Subrogation & Loss Mitigation manager Suzanne Bacoccio would have this court believing that the $1334.00 dollars listed on **EXHIBIT C.1** was paid to the Defendant HCC SURETY for four years of CSLB bonding coverage and nothing could be further from the truth,

e.1)   Where is the Defendants' *original signed bonding coverage contract[s]* with the Plaintiffs' signatures therein and correct information on it?

e.2)   Where are the cancelled bond payment checks or credit card payments?

f)    **EXHIBIT C.1** has the Plaintiffs' ages incorrectly listed, who's initials are those? [i.e. J.S.?] Plaintiffs' address is also incorrect for 08/23/2013.

g)    Plaintiffs hereby allege the only thing **EXHIBIT C.2** can show a court of law is the December 09,2008 date and Plaintiffs' CSLB license number, there are no business names or policy numbers or otherwise listed on this document to show Plaintiffs' signed any agreement with the Defendant. The Defendant by and through their attorney of record are desperately trying to cover up their clients illegal consumer debt collection practices.

25.    To date, the Defendants' by and through their attorney of record LANAK AND HANNA Susan Blush and their own Subrogation & Loss Mitigation manager Suzanne Bacoccio have ignored all attempts by the Plaintiffs to settle these allegedly owed consumer debts informally without having to file suit in the Ninth District Court thus using the Court valuable time and also, to date, Defendant HCC SURETY did not EVER provide Plaintiffs' with "verification" and debt validation requested by the Plaintiffs' as defined by 15 U.S.C. §1692(g)(1)(2)(5)(b). Defendant never filled in the requested information from the Plaintiffs' numerous certified written requests for debt validation certification one of which is dated May 18, 2015 and attached hereto as **[EXHIBIT D.1 & D.2]** , Defend ignored these many requests and instead initiated state lawsuits and a more than nine (9)  year harassment campaign against the Plaintiffs'.

26.    Upon information and belief Plaintiffs' allege the Defendants' Subrogation & Loss Mitigation manager Suzanne Bacoccio is in her position as a highly paid "hired Gun" who has worked her way up through the insurance/surety ranks and now works for a multi billion dollar global corporate giant in a company presently named TOKIO MARINE HCC. **[ SEE EXHIBIT "E" attached hereto]**

**27.**   To date, Plaintiffs' have only used <u>ONE</u> name for their landscaping business - Sunset Palms and Landscape, Inc. - which was closed in November of 2009.

**28.**   Upon information and belief in past years SUZANNE  BACOCCIO who presently collects consumer debts for the Defendant has *worked for, sued for, sold bonding coverage for, or represented the following eleven (11) companies*:

     1)   <u>BACOCCIO BROTHERS INSURANCE AGENCY</u>, Folsom, CA,

     2)   <u>ALLSTATE INSURANCE AGENCY</u>, Folsom, CA,

     3)   <u>Licensed Instruction Schools</u>, Sacramento, CA,

     4)   <u>Redlands Insurance Company</u>, New York, NY,

     5)   <u>Licensed Contractors Insurance</u>, Sacramento, CA,

     6)   <u>Surety Company of the Pacific</u>, Encino, CA,

     7)   <u>Occidental Services Collection Division</u>, Los Angeles, CA,

     8)   <u>American Contractors Indemnity Company</u>, Los Angeles, CA,

     9)   <u>HCC Surety, Los Angeles</u>, CA,

   10)   <u>HCC Surety Group</u>, Los Angeles, CA,

   11)   <u>TOKIO MARINE</u> HCC.

Plaintiffs' would ask the honorable court and a jury in open court which of the eleven (11) above-named companies that Suzanne Bacoccio worked for has the "original" bonding contract with our signatures therein within the past four years that has *anything to do with (TCPA) (FDCPA) and (FCRA) and state counterpart violations???*

**29.**   Suzanne Bacoccio has waged an ongoing harassment campaign against the Plaintiffs' for many years now from behind many different company desks to collect on an alleged  debt[s] the Plaintiffs' corporation Sunset Palms and Landscape, Inc., never owed on. Part of this harassment campaign has been mailing threatening dunning letters, sending threatening emails, engaging in unwanted harassing bill collecting conversations with the Plaintiffs' and placing threatening phone call messages on Plaintiffs' cell phones, combined with the continued threat of using the Plaintiffs good credit standing as leverage, [i.e. applying negative credit lines to the Plaintiffs' personal credit files if we do not pay up].

30.   Plaintiffs' want to use Susan Bacoccio's own words filed with this court on March 15, 2016 [Declaration of Suzanne Bacoccio in Support of Motion to Dismiss] Document 7-2, Page 1, line 26 "I review claim files where HCC/ACIC has incurred a loss and determine the action to be taken ..... she goes on and on with five (5) pages full of conjecture, her personal opinion, hearsay and blatant lies, all in an attempt to conceal her companies illegal consumer collection activities, [i.e. paperless files, sub-files, documents, declarations etc.]. On page 3 of 5, Document 7-2, paragraphs 4 & 5, she makes the statement that we had several bond claims against our state contractors license between the dates of 2008 to 2010. Nothing can be further from the truth. Plaintiffs' hereby allege they have NEVER been properly served for ANY past bonding claims and are not aware of ANY bonding claims EVER being filed against them ANYWHERE.

31.   On March 15, 2016, Defendant HCC filed a Motion to Dismiss pursuant to Federal Civil Rules 12(b)(1) and 12(b)(6) attempting to *misdirect this court by submitting off point pleadings with irrelevant, redundant, immaterial, or scandelous matter of facts into this case where none are pertinent*.

32.   The Defendant by and through their attorney of record and Suzanne Bacoccio have purposely brought into this federal court a bogus state claim that the Plaintiffs never knew even existed, they were never properly served with Summons or Complaints of any kind since 2009. The Defendants are intentionally trying to mire this federal case filed by the Plaintiffs by introducing troves and volumes of lengthy state claims [that have nothing to do with the Plaintiffs' (TCPA) (FDCPA) (FCRA) and state counterpart claims], ALL with the intent to *misdirect the court*. *"Where is the beef" ? Where is the original contract with signatures affixed*?

33.   Plaintiffs' alleges Suzanne Bacoccio as well as the Defendant have broken Federal (TCPA) (FDCPA) (FCRA) and California state counterpart laws in their unlawful harassment campaign to collect on alleged consumer debts the Plaintiffs' never owed to them.

**34.**   Plaintiffs' would like to take this opportunity to apologize for the lengthy "Factual Allegations" section of their 1st Amended Complaint. Proceeding In Pro Se with out legal council we felt it was necessary to explain the fact to this honorable Court that the Plaintiffs' would have kept all of their pleadings in a *prima facie* form *with short simple plain statement of facts,* but due to the length and confusing way the Defendants' have attempted to mire this courts proceedings the Plaintiffs' felt the need to lay down as many facts as possible now to counter the numerous lies being told by the Defendant to this Court. Once again we are sorry for the length of our pleadings.

**35.**   The TUCK's as Plaintiffs' in this case are considering filing 12(f) motions to Strike exhibits included in the Defendant HCC'S recent 12(b)(1) - 12(b)(6) Motion to Dismiss filing and intentionally introducing exhibits *into this case attempting to confuse and misdirect the Court* and at the same time submitting to this Court *off point pleadings with totally irrelevant, redundant, immaterial, or outright scandalous matter of facts into this case where NONE are pertinent*. To this day Defendant HCC has not provided Plaintiffs' TUCK or this court with any document[s] or agreement[s] written on Defendant HCC's documents or with Defendant HCC's letterhead *affixed*.

**36.**   The Plaintiffs' are also considering and may in the future request this Court to impose sanctions pursuant to Rule 11 Civil Rules of Procedure against Defendant HCC's attorney of record Lannak & Hanna SUSAN A. BLUSH and Defendant HCC's vice president/subrogation manager SUZANNE BACIOCCO for intentionally trying to mislead this Court by introducing documents and materials into federal Court that they know to be "*not provable*". Introducing alleged evidence to this Court in a direct attempt *to intentional confuse and misdirect the Court off point pleadings with totally irrelevant, redundant, immaterial, or outright scandalous matter of facts into this case where NONE are pertinent*. What do their pleadings have to do with illegal telephone calls placed by them to Plaintiffs' in the last four years???

**37.** The Plaintiff's ***have no contractual obligation to pay*** the Defendant ***anything***.

# V.   ARGUMENT

**38.** Plaintiffs' *have never given* "Defendants'" *express written permission* to call Plaintiffs' cellular phones at least forty four (44) times between the dates of August 20, 2012 and today's date.

**39.**   From August 20, 2012 thru January 29, 2016 the Defendant violated the TCPA by *leaving more than 20 recorded messages using a automatic telephone dialing system or artificial or prerecorded voices on Plaintiffs cell phones.*

**40.**   From August 20, 2012 thru January 29, 2016 the Defendant violated the TCPA by calling Plaintiff's cell phones more than 44 times with *NO prior permission given* by Plaintiffs'.

**41.**   From August 20, 2012 thru January 29, 2016 the Defendant violated the TCPA by leaving several recorded voice messages on Plaintiffs' cell phones *without prior express written permission* given to the Defendant by the Plaintiffs'.

**42.**   From August 20, 2012 thru January 29, 2016 the Defendant illegally placed consumer collections calls to Plaintiff ROY TUCK's and Plaintiff DEBORAH TUCK's private cell phone numbers (760) 840-1809, (760) 840-1551 (760) 761-9722, (760) 840-1806 during a four (4) year period from phone number (877) 626-1754 more than twenty nine (29) times, *many times more than once in the same business day,* clearly violating 15 U.S.C. §1692c(a) of the (FDCPA).

**43.**   From August 20, 2012 thru January 29, 2016 the Defendant illegally placed more than fifteen (15) consumer collections calls to Plaintiff ROY TUCK'S eighty seven (87) year old elderly mother CLARICE TUCK's private cell phone number (760) 724-9439 during this same 4 year period of time from phone number (877) 626-1754 *many times more than once in the same business day,* clearly violating 15 U.S.C. §1692c(a) of the (FDCPA). Plaintiff CLARICE TUCK *has never given the Defendant express written permission to call her private cell phone.*

44.   Plaintiffs' further allege that between the dates of August 20, 2012 and today's date "Defendants" placed more than forty four (44) illegal consumer collections calls to the Plaintiff's private cell phones [including their 87 year old mother] more than forty four (44) times clearly violating the strict statutory federal guidelines 47 U.S.C. §227(b)(1)(A) of the (TCPA), that's 44 separate and distinct strict statutory violations.[i.e. If I hit your car on Monday and then again on Friday that is two separate and distinct strict statutory violations]

45.   Plaintiffs' further alleged that none of the more than forty four (44) harassing consumer debt collection calls placed by the Defendants' between the dates of August 20, 2012 and today's date *were made for emergency purposes*, [including 15 calls placed to Plaintiffs' 87 year old mother who was never a part of any contract bond insurance claim or otherwise], *clearly violating* United Stated Code 47 U.S.C. §227(b)(1)(A)(iii), of the (TCPA).

46.   From August 20, 2012 to today's date the Defendant called the Plaintiffs' private cell phone numbers more than forty four (44) times, [including 15 calls placed to Plaintiffs' 87 year old mother who was never a part of any contract bond insurance claim or otherwise] during these calls Defendants' *staff asserted a right which it lacks to wit,* the right to enforce a consumer debt allegedly owed by Plaintiff's to Defendants' [all professional debt collectors], *even after* Plaintiffs' disputed and re-disputed each alleged consumer debt with all three national credit reporting agencies ("CRA's").

47.   From August 20, 2012 to today's date the Defendant called the Plaintiffs' private cell phone numbers more than forty four (44) times, [including 15 calls placed to Plaintiffs' 87 year old mother who was never a part of *any contract bond insurance claim or otherwise*] which were assigned to California's San Diego county cell phone service provider T-MOBILE more than forty four (44) times *failing to identify that they were consumer debt collectors* trying to collect a consumer debt allegedly owed to "Defendants" by the Plaintiffs' originating from the year of 2009.

48.   On *numerous occasions* Plaintiffs' have demanded in writing via certified U.S. mail that Defendants' provide Plaintiffs'with written "verification" and/or  consumer debt validation and defined by 15 U.S.C.§1692g(1)(2)(5)(b) and the California Consumer Protection Statutes and Laws, as it pertained to any/all alleged consumer debt[s], to date Defendants' have totally ignored all attempted communications by phone, email, in writing, or otherwise,  clearly demonstrating willful and non-compliance with (TCPA) 47 U.S.C. §227(b)(1)(A).

49.   Defendants by and thru their above-described actions violated the strict statutory guidelines set forth in §1692d of The Fair Debt Collections Practices Act (FDCPA) *by engaging in conduct the natural consequences of which is to harass, oppress, or abuse* the Plaintiffs' by calling their private cell phone's on more than forty four (44)  separate occasions from August 20, 2012 to today's date .

50.   *Many of these harassing consumer collection calls calls were placed by* Defendants' *before the early morning hours of 8:00 am or after 9:00 pm at night*, many of *these same abusive calls* were placed *multiple times on the very same day*, all of which Plaintiffs' have to pay for.

51.   Defendants' *clearly violated* section §1692d(5) of the Fair Debt Collection Practices Act (FDCPA) and at the *very same time* violated the California Rosenthal Fair Debt Collection Practices Act (CFDCPA), Section §1788.17  by calling Plaintiffs' on their personal cell phones on more than forty four (44) separate occasions and caused Plaintiffs' cellular phone's to ring repeatedly and continuously with the *intent to annoy, abuse, or harass them into paying alleged consumer debts they have  never owed* the Defendants'.

52.   As Plaintiffs' *have no business debt* and disputed and re-disputed this same alleged *business debt* presently sought now by the Defendants' could only have been used for *"personal purposes"*.

53.   The same "consumer debt" allegedly owed to the Defendants' arose out of a transaction that was primarily for *"personal, family, or household  purposes"*.

54.   During this same period of time August 20, 2012 to today's date Defendants' have totally ignored all written attempts by the Plaintiffs' to demand that the Defendants' *cease and desist* all collection activities *immediately,* Defendants' *instead initiated an ongoing almost nine (9) year campaign to harass, abuse and coerce the Plaintiff into paying an alleged consumer debt they do not owe.*

55.   Defendants' to date have ignored all emailed, telephonic and written demands and attempts to resolve these alleged consumer account issues "informally" prior to having to introduce this action into this Ninth District Court, to date the "Defendants" have played the consumer collections game of using the Plaintiff's personal credit report[s] in concert with the credit reporting agency EXPERIAN INFORMATION SOLUTIONS, INC., as a tool or leverage to make Plaintiffs' pay an alleged consumer debt they have *never owed to* Defendants has managed to illegally place multiple alleged negative credit lines on Plaintiffs' credit reports for over nine (9) years now, hugely damaging the Plaintiffs' credit worthiness and ability to gain fair affordable housing.

# VI.   PRIVATE RIGHT TO ACTION

56.   FCRA Sections 616 and 617, U.S.C. §1681o, create private rights of action *consumers can bring against violators of any provision of the FCRA with regards to their credit. In DiMezza v. First USA Bank, Inc.* supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C. §1681n and §1681o] provide a private right of action for a consumer against "furnishers" of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation reporting duties imposed on "furnishers" of information."

57.   *Gorman v. MBNA America Bank,* N.A., No. 06-17226 further established Private Remedy Against Furnishers by consumers and FCRA Section 1681s-2(b) *triggers Defendants' furnisher's liability under this section,* since Plaintiff made his initial written disputes with the credit reporting agencies.

58.   California Civil Code §1785.15(f) expressly states that consumers "have a right to bring civil action against anyone [...], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report. Plaintiff has further right to action pursuant to Cal. Civ. Code §1785.31(a), which states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover actual, statutory, and punitive damages together with attorneys fees and costs, pursuant to 15 U.S.C. §1692(d)(5), together with such other and further relief as the Court may deem reasonable and just under the circumstances.

59.   *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009) established that consumers may re-plead their FCRA claims as violations of the CCRAA and that State claims are not preempted by the FCRA. In further support, courts have uniformly rejected creditors' and consumer reporting agencies' arguments that the FCRA bars State law claims. See *Sehl v. Safari Motor Coaches, Inc.*, 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001)(for detailed discussion); *Harper v. TRW*, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); *Rule v. Ford Receivables,* 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999); *Watkins v. Trans Union*, 118F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000); *Swecker v. Trans Union*, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); *Saia v. Universal Card Svc.*, 2000 U.S. Dist. Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); *Sherron v. Private Issue by Discover*, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss 1997); *Hughes v. Fidelity Bank*, 709 F. Supp.2d 639 (U.S.D.C. E.D. Pa. 1989).

60.   15 U.S. C.§1692k(a) states that "... any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of-."

61.   Cal Civ. Code §1788.30(a) states that "any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action..."

# VII.   COUNT I

**VIOLATIONS OF THE TELEPHONE COMMUNICATIONS PRACTICES ACT**
**(TCPA) 47 U.S.C. §227(b)(1)(A) AGAINST DEFENDANT HCC SURETY**

Plaintiffs' re-allege and restate all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 61 herein.

**62.**   At all times pertinent hereto the Defendant has carried on its business by engaging in consumer debt collection practices. The Defendant has made thousands of telephone calls to the cellular telephones of consumers for purposes of collecting consumer debts allegedly owed to them.

**63.**   The Plaintiffs are all "person's" as defined by 47 U.S.C.§153(39).

**64.**   In August of 2012 Plaintiffs' began receiving recorded messages and employee dialed telephone calls from the Defendant on their cellular telephones at inconvenient times that were harassing and later they all had to pay for.

**65.**   Defendants' placed a multitude of other calls to Plaintiffs' private cell phone numbers over the past four (4) years, *more than these plaintiffs' care to document in this 1ˢᵗ Amended Complaint , but the finding of the exact amount* of these *multiple harassing calls* can be determined by Plaintiffs' and a jury during the discovery process of this trial.

**66.**   Plaintiffs' *have no relationship with the* Defendants' and there exists *no contract* between the Defendant and Plaintiffs' for arbitration or otherwise.

**67.**   All of the calls described above were placed by the Defendant's employee's directly to Plaintiffs' cellular phones *solely to collect a consumer debt allegedly owed* to the Defendant by the Plaintiffs'.

**68. (TCPA) 47 U.S.C. §227(b)(1)(A) states in part;**

**(1)** PROHIBITIONS - It shall be unlawful for any person within the United States, or person outside the United States if the recipient is inside the United States -

**(A)** to make any call (other than a call made for emergency purposes or made with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice .

**69.**   All of these same call's were placed by the Defendant to Plaintiffs' cell phones even thought the Plaintiffs' cell phone numbers have all been listed on the "National Do Not Call List" since April 05, 2010.

# 6.9.2a.6 Allegations of Harm in TCPA Cases,

- 1. **Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls without consent was "*the only effective means of protecting telephone consumers from this nuisance and privacy invasion.*"** [618]

- 2. The Defendants' 44 phone calls harmed Plaintiffs' by causing the very harm that Congress sought to prevent–a "*nuisance and invasion of privacy.*" [617]

- 3. The Defendants' 44 phone calls harmed Plaintiffs' by *trespassing upon and interfering with* Plaintiffs' rights and interests in Plaintiffs' *cellular telephone*.

- 4. The Defendants' 44 phone calls harmed Plaintiffs' by trespassing upon and interfering with Plaintiffs' rights and interests in Plaintiffs' *cellular telephone line*.

- 5. The Defendants' 44 phone calls harmed Plaintiffs' by intruding on Plaintiffs' seclusion.

- 6. The Defendants' harassed Plaintiffs' by incessantly calling Plaintiffs' cell phones.

- 7. The Defendants' 44 phone calls harmed Plaintiffs' by causing Plaintiffs' aggravation and annoyance.

- 8. The Defendants' 44 phone calls harmed Plaintiffs' by wasting Plaintiffs' time.

- 9. The Defendants' 44 phone calls harmed Plaintiffs' by depleting the battery life on Plaintiffs' cellular telephones.

- 10. The Defendants' 44 phone calls harmed Plaintiffs' by using minutes or texting data allocated to the Plaintiffs' by Plaintiffs' cellular telephone service provider.

- 11. The Defendants' text messages harmed Plaintiffs' by using data storage space in Plaintiffs' cellular phone.

**Footnotes**

[617] These model allegations were drafted by Tim Sostrin, a consumer rights attorney at the Chicago law firm Keogh Law, Ltd. Tim has represented consumers in TCPA class actions and individual claims since 2010. His contribution is greatly acknowledged.

[618] Pub L. No. 102-243, §§2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. §227. See ("The Act bans certain practices, invasion of privacy").

[619] See H.R. Rep. No. 102-317, at 10 (1991).

**70.** Defendants' *have demonstrated willful and knowing non-compliance* with (TCPA) 47 U.S.C. §227(b)(1)(A) *by using an automatic telephone dialing system* and/or a pre-recorded messages to call the Plaintiffs' cell phone numbers from August 20, 2012 to the present date more than forty four (44) times, that's forty four(44) separate statutory violations of the TCPA committed by the Defendant.

**71.** The Defendant has committed more than forty four (44) separate strict statutory violations of (TCPA) 47 U.S.C.§227(b)(1)(A). Accordingly, Plaintiffs' are *entitled* to statutory damages in the amount of $500 dollars U.S. for the first *"unintentional"* consumer collection call made to the Plaintiffs' by the Defendant pursuant to (TCPA) 47 U.S.C. §227(b)(1)(A).

**72.** Plaintiffs' pursuant to (TCPA) 47 U.S.C. §227(b)(3)(B) are *also entitled to **treble damages*** in the amount of $1500.00 U.S. dollars for *each* of the additional forty three (43) "*intentional*" harassing debt collection calls placed by the Defendant to Plaintiffs' private cell phone numbers after the first initial "*unitentional*" $500 call. Defendants' have clearly demonstrated *willful and knowing non-compliance* with (TCPA) 47 U.S.C. §227(b)(3)(B) as all of those additional forty three (43) calls were ALL*"intentional"*. All of these calls were also placed well after Plaintiffs' legally filed *disputes and requests for investigations and re-investigations* with all three national consumer credit reporting agencies or "CRA's", including requesting the Defendant to "Cease and Desist" all collection activities immediately, all requests went ignored.

**73.** Plaintiff s'*do not* have an *established business relationship* within the meaning of (TCPA) 47 U.S.C. §227 *et seq.* with the Defendant.

**WHEREFORE**, the Plaintiffs' demand judgement for damages against the Defendant for actual, statutory, and punitive damages, attorney's costs and fees pursuant to (TCPA) 15 U.S.C. §227(b)(1)(A), together with such other and further relief as the Court may deem reasonable and just under the circumstances.

# VII.   COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. §1692(c)(a)(1) AGAINST DEFENDANT HCC SURETY

**74.**   Plaintiffs' re-allege and restate all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 73 herein.

**75.   (FDCPA) 15 U.S.C. §1692(c)(a)(1) states in part;**

**COMMUNICATION WITH THE CONSUMER GENERALLY** without the *prior express written consent* of the consumer given directly to the consumer debt collector or the *express permission* of a court of competent jurisdiction, a consumer debt collector *may not* communicate with the consumer in connection with the collection of the debt.

**76.**   As previously alleged the Defendant is a professional "debt collector" within the meaning of the Fair Debt Collection Practices Act,(FDCPA)15 U.S.C. Section §1692 *et seq.* The Defendant is engaged in conduct described by (FDCPA) 15 U.S.C. Section §1692e(8), namely, "Communicating or threatening to communicate to any person negative consumer credit information which is known or which should have known to be false, including the failure to communicate that a disputed consumer debt is disputed".  Plaintiffs' reserve the right to allege other violations of the FDCPA *as the facts of this case unfold.*

**77.**   Plaintiffs' allege that the Defendant *violated other statutory provisions* of the Federal Fair Debt Collection Practices Act (FDCPA) as follows:

a. 15 U.S.C. Section §1692d: The Defendant engaged in consumer debt collection efforts after they knew, and had determined, that it had no basis for continuing to pursue the Plaintiffs' that had the natural consequences of harassing, abusing and oppressing the Plaintiffs' in concert with the threat of reporting alleged negative credit lines on their credit reports.

b. 15 U.S.C. Section §1692e: The Defendant *has threatened action, or taken action, including threats of negative credit reporting, threats of lawsuits and implicit or explicit threats of derogatory negative credit reporting,* that cannot legally be taken because the alleged debt[s] are not the Plaintiffs' *consumer debt[s].*

      c. (FDCPA) 15 U.S.C. Section §1692f: The Defendant has used unfair or unconscionable means to collect or attempt to collect the alleged debt[s]. Specifically, the Defendant has attempted to collect amounts not expressly authorized by law or by any agreement, and have continued to attempt collection in spite of cancellation of the underlying agreement.  In essence, there is no agreement and no obligation by which Plaintiff TUCK owes any monies to the Defendant, yet the Defendant  persists to this day to ignore any/all documented disputes reported by all three CRA's, to cease and desist in its collection efforts, to perform a proper investigation and re-investigation of the alleged debt[s] and refuse to remove the negative credit line[s] from the Plaintiffs' nationally reported credit files.

    **78.**    The Defendant knew, or should have known that they placed more than forty four (44) telephone calls to the Plaintiffs' private cell phone numbers between the dates of August 20, 2012 to the present day, were both inconvenient, annoying and cost the Plaintiffs' monies on his cell phone bills they had to pay for.

    **79.**    The Defendant *deliberately and intentionally* committed more than forty four (44) separate and distinct statutory violations of (FDCPA) 15 U.S.C.§1692(c)(a)  as *every single one* of these illegally placed calls were placed by the Defendants' employee's *without* the *prior express written consent* of the consumer Plaintiff TUCK'S.

    **80.**    The FDCPA regulates the behavior of collection agencies attempting to collect a consumer debt *on behalf of another entity*. The United States Congress has found *abundant evidence of the use of abusive, deceptive, and unfair consumer debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy*. Congress enacted the FDCPA to *eliminate abusive consumer debt collection practices by debt collectors*, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to *protect consumers against debt collection abuses described* in[15 U.S.C.§1692(a)-(e)].

    **81.**    The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of *__one violation__*. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the

standpoint of the "*least sophisticated*" consumer. [Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir. 1982); *Swanson v. Southern Oregon Credit Service, Inc.* 869 F.2d 1222, 1227(9th Cir. 1988)]. This objective standard "ensure[s] that the FDCPA *protects all consumers*, the *gullible as well as the shrewd ... the ignorant*, the *unthinkable* and the *credulous*." [*Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2nd Cir. 1993)].

82.    To prohibit deceptive practices the FDCPA, at 15 U.S.C.§1692e, outlaws the use of *false*, *deceptive*, and *misleading collection letters* and names a non-exhaustive list of certain per se violations of *false* and *deceptive collection conduct* 15 U.S.C.§1692e(1)-(16).

83.    To prohibit *harassment and abuses* by debt collectors the FDCPA, at 15 U.S.C.§1692d, provides that a debt collector *may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a consumer debt* and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct 15 U.S.C.§1692d(1)-(6).  Among these per se violations prohibited by this section are: *any collection activities and the placement of telephone calls without meaningful disclosure of the callers identity* [15 U.S.C.§1692d(6)].

84.    The FDCPA also prohibits, at 15 U.S.C.§1692c, *without the prior consent of the consumer given directly to the debt collector*, or the *express written permission of a court of competent jurisdiction*, or as reasonably necessary to effectuate a post judgement judicial remedy, communication by a debt collector in connection with the collection of *any consumer debt*, with any person other than the consumer, his attorney, or a "CRA is not permitted by law.

85.    As a result of these *statutory violations of the Federal Fair Debt Collection Practices Act by the Defendant,  Plaintiffs' have all suffered general and special damages according to proof a the time of trial, and is entitled to a statutory penalty for each separate violation of the Act.

**WHEREFORE,** Plaintiffs' demand judgement for damages and injunctive relief against the Defendant for actual statutory and punitive damages, attorney's fees and costs pursuant to (FDCPA) 15 U.S.C. §1692(c)(a), together with such other and further relief as the Court may deem reasonable and just under the circumstances.

# VIII.  COUNT III
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### (FDCPA) §1692(d)(5) BY  DEFENDANT HCC SURETY

**86.**  Plaintiffs' re-allege and restate all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 85 herein.

**87. (FDCPA) 15 U.S.C. §1692(d) states in part;**
A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress,  or abuse any person in connection with the collection of a consumer debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**88. (FDCPA) 15 U.S.C. §1692(d)(5) states in part;**
Causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

**89.**  The Defendant violated (FDCPA) 15 U.S.C. §1692(d)(5) by calling the Plaintiffs' private cell phone numbers more than forty four (44) times, {*many times before 8:00 am in the morning*}{many times calling *multiple times in the same day*} directly causing the Plaintiffs' personal cell phone to ring repeatedly and continuously with the *intent* to *annoy, abuse, or harass* the Plaintiffs'.  Every single one of these placed calls was made by the Defendant *without* the *prior express written consent* of the consumer, the Plaintiffs'.

**90.**  During this same four (4)  year  period of time between August 20, 2012 to the present day the Defendant staff/personnel intentional and repeatedly called Plaintiffs' more than forty four (44) times on their personal cell phone numbers,many of these harassing consumer debt collection calls caused Plaintiff CLARICE TUCK who is 87 years old undue *stress, confusion*, and *long term nervousness* and *embarrassment*, including *unexpected increased cell phone bills that this Plaintiff could ill afford.*

**91.** The Plaintiffs' allege that the Defendant caused their cell phones to ring on more than forty four (44) separate occasions between the dates of August 20, 2012 to the present day, by causing him to answer these calls and either engage in a long unwanted conversation with the Defendants' staff or, have to listen to numerous  pre-recorded messages left by the Defendants' staff on the Plaintiffs' cell phone message service accounts, which Plaintiffs' *have to pay monies for.* All of these illegal collection activities

occurred *after* the Plaintiffs' filed disputes and demands for investigations re-investigations with all three "CRA's" demanded they cease and desist all collection and negative credit reporting activities immediately, went ignored.

**WHEREFORE**, Plaintiffs' demand judgement against the Defendant for actual, statutory, and punitive damages, attorneys fees and costs, pursuant to (FDCPA) 15 U.S.C. §1692(d)(5),  together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## VIIII.   COUNT IV
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)15 U.S.C. §1692(d)(6) BY DEFENDANT HCC SURETY

**92.**   Plaintiffs' re-allege and restate all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 91 herein.

**93**. **15 U.S.C. §1692(d)  states in part**;

> **A consumer debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged consumer debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> ***The placement of telephone calls without meaningful disclosure of the caller's identity.***

**94**.   The Defendants' staff/personnel violated (FDCPA)15 U.S.C.§1692(d)(6) by placing more than forty four (44) calls to Plaintiff TUCK's cell phones between the dates of August 20, 2012 and the present day without meaningful disclosure of the caller the Defendants' true identity.  All forty four (44) calls were independently placed at different times, amounting to forty four (44) separate statutory violations.

**95.**   Every single one of these more than forty four (44) phone calls placed by the Defendant were being placed *without* the *prior express written consent* of the consumer plaintiff TUCK'S. This added to the plaintiffs' daily confusion and anxiety about these very same calls.

> *i.e.*   *Who is this person or machine on the other end of the phone?*
> *Why are they calling me almost every day, many times a day?*
> *Why are they leaving these strange messages?*
> *Why won't the people (when they do come on the line)*
> *not listen to me and stop calling me?*

96.    The Defendant *thru mailed  dunning letters and numerous harassing phone calls* to Plaintiffs' *threatening* to report this same alleged non-existent consumer debt item to be placed by the Defendant on all three National consumer credit reporting agencies that record and report the Plaintiffs' credit. ***These very same illegal business activities border on the edge of professional business extortion practices.***

WHEREFORE, the Plaintiffs' demand judgement for damages against the Defendants' for actual, statutory, and punitive damages, attorney's costs and fees pursuant to (FDCPA) 15 U.S.C. §1692(d)(6) (FDCPA) together with such other and further relief as the Court may deem reasonable and just under the circumstances.

# X.   COUNT V
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 et seq.
## WILLFUL OR NON-COMPLIANT BY DEFENDANT HCC SURETY

97.    Plaintiffs' re-allege and restate all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 96 herein.

98.    The Defendant company is a California Corporations.

99.    On or around April of 2015 the Plaintiffs' who are not a minors, checked *their consumer credit reports from all three national credit reporting* agencies, Experian, Equifax, and Trans Union (collectively "CRAs"), and discovered multiple credit accounts reported by the Defendant who had for more than nine (9) years now been collectively placing *at least four (4)* separate and individual consumer credit accounts in negative status.  These negative credit accounts were unfamiliar to the Plaintiffs', as they did not recall ever opening them and *they were never informed by these furnishers* of *their negative credit reporting*.

100.    On or about May 2015 the Plaintiffs' contacted the Defendant a California Corporationsand EXPERIAN "EIS" a Credit Reporting Agency ("CRA") disputing in writing the unknown negative credit accounts being reported by the "Defendants" collectively, pursuant to 15 U.S.C. §1681s-2(b) (FCRA).

**101.**   On or about May of 2015, following their credit bureau disputes, Plaintiffs' sent certified letters to the Defendant a California Corporations and EXPERIAN "EIS" a Credit Reporting Agency ("CRA") in which they *demanded* documentation substantiating the existence, ownership and *accuracy* of the negative consumer credit accounts reported by each of them, *otherwise their immediate deletion from his credit file*. All attempts went ignored.

**102.**   Upon receipt of Plaintiff's disputes this same Defendant a California Corporations and EXPERIAN "EIS" a Credit Reporting Agency ("CRA") each continued to report disputed accounts to CRA's, without notice that the accounts had been disputed by the Plaintiffs', all throughout the investigation period and thereafter. They further failed to properly address Plaintiffs' direct disputes with them and *failed to provide for his requested* "verification" and "validation" for these disputed negative consumer accounts. All went totally ignored.

**103.**   Regardless of the Plaintiffs' numerous attempts to seek the Defendants' cooperation the Defendant continuously, to date,  failed to answer back to the Plaintiffs' with ***appropriate proof of investigation and verification of the information in dispute and totally failed to take corrective action***.

**104.**   These *inaccurate* consumer credit accounts negatively reflect upon Plaintiffs' as consumers, borrowers/debtors and they negatively impact all of their creditworthiness and financial standing.

**WHEREFORE**, the Plaintiffs' demands judgement for damages against the Defendant a California Corporation for actual, statutory, and punitive damages, attorney's costs and fees pursuant to (FCRA) 15 U.S.C. §1681 *et seq*. together with such other and further relief as the Court may deem reasonable and just under the circumstances.

# XI.   COUNT VI

## VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CALIFORNIA CIVIL CODE §1788 *et seq.*
### BY DEFENDANT HCC SURETY

**105.**   Plaintiffs' re-allege and restate all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 104 herein.

**106.**   Plaintiffs' are *consumer's* within the meaning of (FDCPA) 15 U.S.C. §1692 *et seq.*

**107.**   The Defendant is seeking to collect a nine (9) year old *alleged consumer debt* from Plaintiffs' as defined by (CRFDCPA) California Civil Procedure §1788(f).

**108.**   The alleged consumer debt account in question is a consumer transaction as defined by (CRFDCPA) California Civil Procedure §1788(e), as Plaintiffs' have allegedly received property, services or money from the Defendant or an extension of credit, and such property, services or money was used primarily for personal, family or household purposes.

**109.**   The Defendant also violated (CFDCPA) §1788.11(d) of the California Rosenthal Fair Debt Collection Practices Act by placing collection calls to the Plaintiffs' cellular phones repeatedly and continuously so as to annoy, harass or embarrass the Plaintiffs'. *Plaintiffs' contend they always pays his consumer bills in as timely manner as possible.*

**110.**   The Defendant violated (CFDCPA) §1788.17 of the California Rosenthal Fair Debt Collection Practices Act by placing numerous harassing debt collection calls to the Plaintiffs' with *such frequency* as to be *unreasonable* and to *constitute direct intentional harassment* of the Plaintiffs' under the circumstances.

**111**.   The Defendant  also violated (CFDCPA) Section §1788.17 of the California Rosenthal Fair Debt Collections Practices Act by *continuously* failing to comply with the statutory regulations contained within the United States Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*

**WHEREFORE**, Plaintiffs' demand judgement for damages against the Defendant for actual statutory and punitive damages, attorney's fees pursuant to §1788.30(b) and costs pursuant to §1788.30(c), the California Rosenthal Fair Debt Collection Practices Act CC1788 *et seq.,* together with such other and further relief as the Court may deem just reasonable and just under the circumstances.

# PRAYER

ROY TUCK, DEBORAH TUCK, and CLARICE TUCK the named Plaintiffs' In Pro Se, in the above-entitled 1st Amended Complaint respectfully pray for judgment as follows: **1.** For actual, general and special damages according to the proof at trial; **2.** For statutory penalties or civil penalties for each separate statutory violation where allowed by statute. **3.** For punitive damages against the Defendant according to proof at trial and using the applicable punitive damages standards from the involved statutes; **4.** For attorney's fees where authorized by statute or law; **5.** For costs and expenses of suit; and **6.** For such other relief as the court deems just and proper.

# DEMAND FOR JURY TRIAL

**112.**   Plaintiffs' hereby demands a trial by jury of all issues so triable as a matter of law.

# VERIFICATION
## DECLARATIONS OF PLAINTIFFS - ROY TUCK, DEBORAH TUCK AND CLARICE TUCK

**I, ROY TUCK,**  declare as follows:

**113.**   I am one of the Plaintiffs' in the above-entitled Ninth District case.

**114.**   I am of age, sound mind and competent to testify to all of the facts based on first-hand knowledge of all of the aforementioned items so stated.

**115.**   I have been damaged *financially*, *socially* and *emotionally* since August 20, 2012 as a direct result of the Defendants' unlawful actions and conduct including more than forty four (44) calls to my cellular phones.

**116.**   I have read the foregoing pleading's in their entirety and believe all of the fact's therein so stated to be both *true and correct*.

**117.**   I declare under the penalty of perjury pursuant to the laws of California and the Courts of the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

1ST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF
PRAYER - DECLARATIONS OF PLAINTIFFS'
CASE NO. 3:16-CV-00230-CAB-DHB & CASE NO. 3:16-CV-00231-CAB-DHB

PAGE 26

1    **118.**   I, Plaintiff ROY TUCK demand judgement for damages against the Defendant

2    for actual, statutory, and punitive damages, attorney's costs and fees pursuant to pursuant to

3    §1788.30(b) and costs pursuant to §1788.33(c) together with such other and further relief as

4    the Court may deem reasonable and just under the circumstances.

5    Sincerely Submitted this 10th day of August 2016

6                                                                                    ,

7                            **ROY TUCK, PLAINTIFF IN PRO SE,**

8

9         **I, DEBORAH TUCK**,  declare as follows:

10        **119.**    I am one of the Plaintiffs' in the above-entitled Ninth District case.

11        **120.**    I am of age, sound mind and competent to testify to all of the facts based on

12   first-hand knowledge of all of the aforementioned items so stated.

13        **121.**   I have been damaged *financially*, *socially* and *emotionally* since

14   August 20, 2012 as a direct result of the Defendants' unlawful actions and conduct

15   including more than forty four (44) calls to my cellular phones.

16        **122.**   I have read the foregoing pleading's in their entirety and believe all of

17   the fact's therein so stated to be both *true and correct*.

18        **123.**   I declare under the penalty of perjury pursuant to the laws of California

19   and the Courts of the United States, that the foregoing is true and correct to the best

20   of my knowledge, information and belief.

21        **124.**   I, Plaintiff DEBORAH TUCK demand judgement for damages against the

22   Defendant for actual, statutory, and punitive damages, attorney's costs and fees pursuant to

23   pursuant to §1788.30(b) and costs pursuant to §1788.33(c) together with such other and

24   further relief as the Court may deem reasonable and just under the circumstances.

25   Sincerely Submitted this 10th day of August 2016

26                                                                                    ,

27                            **DEBORAH TUCK, PLAINTIFF IN PRO SE,**

28

I, **CLARICE TUCK**, declare as follows:

**125.** I am one of the Plaintiffs' in the above-entitled Ninth District case.

**126.** I am of age, sound mind and competent to testify to all of the facts based on first-hand knowledge of all of the aforementioned items so stated.

**127.** I have been damaged *financially*, *socially* and *emotionally* since August 20, 2012 as a direct result of the Defendants' unlawful actions and conduct including more than forty four (44) calls to my cellular phones.

**128.** I have read the foregoing pleading's in their entirety and believe all of the fact's therein so stated to be both *true and correct*.

**129.** I declare under the penalty of perjury pursuant to the laws of California and the Courts of the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

**130.** I, Plaintiff CLARICE TUCK demand judgement for damages against the Defendant for actual, statutory, and punitive damages, attorney's costs and fees pursuant to pursuant to §1788.30(b) and costs pursuant to §1788.33(c) together with such other and further relief as the Court may deem reasonable and just under the circumstances. Sincerely Submitted this \0ᵗʰ day of August 2016

*Clarice E. Tuck* ,

**CLARICE TUCK, PLAINTIFF IN PRO SE,**

ROY TUCK, DEBORAH TUCK and CLARICE TUCK vs. HCC SURETY
United States District Court Case No. **16-CV-00230-CAB-DHB - 16-CV-00231-CAB-DHB**

## CERTIFICATE OF SERVICE

I, Richard Caruso, the undersigned declare under the penalty of perjury that I am over the age of eighteen years and not a party to this action;

that I served the above-named defendant's the following documents:

- **NOTICE OF MOTION AND MOTION FOR LEAVE OF COURT TO FILE 1ST AMENDED COMPLAINT**

- **1ST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

By placing copies of the above-described documents filed with this court in a separate envelope, with postage fully pre-paid, for each address named below and deposited each in the U.S. mail:

**ATTORNEY OF RECORD FOR HCC SURETY**
LANAK & HANNA, P.C.
SUSAN A. BLUSH (SBN 100323)
625 The City Drive South, Suite 190
Orange, CA 92868
Ph: 714-620-2350

Signed this ⟨10⟩th day of August  2016            _____

                                                                        Richard Caruso

# EXHIBIT "A"

**Experian**
A world of insight

Prepared for: **ROY EUGENE TUCK**
Date: **June 24, 2015**
Report number: **3619-3902-63**

## Your accounts that may be considered negative (continued)

---

**HCC SURETY**
601 S FIGUEROA ST STE 1600
LOS ANGELES CA 90017
Phone number
(800) 486 6695
Partial account number
AC18456
Address identification number
0181504914

| Date opened | Jan 2009 |
| First reported | May 2009 |
| Date of status | May 2009 |
| Type | Collection |
| Terms | Not reported |
| Monthly payment | Not reported |
| Credit limit or original amount | $7,325 |
| High balance | Not reported |
| Recent balance | Not reported |
| Responsibility | Individual |

**Status** Collection account. This account is scheduled to continue on record until Nov 2015.
This item was updated from our processing of your dispute in Jun 2015.

Payment history

---

**HCC SURETY**
601 S FIGUEROA ST STE 1600
LOS ANGELES CA 90017
Phone number
(800) 486 6695
Partial account number
AC25312
Address identification number
0181530141

| Date opened | Feb 2010 |
| First reported | May 2010 |
| Date of status | Apr 2010 |
| Type | Collection |
| Terms | Not reported |
| Monthly payment | Not reported |
| Credit limit or original amount | $7,500 |
| High balance | Not reported |
| Recent balance | Not reported |
| Responsibility | Individual |

**Status** Collection account. This account is scheduled to continue on record until Nov 2016.
This item was updated from our processing of your dispute in Jun 2015.

Payment history

---

0207895436



# EXHIBIT "B.1 & B.2"

Roy Eugene Tuck
1600 E. Vista Way #85
Vista, Ca 92084

Experian
P.O. Box 9701
Allen, TX 75013
Attn: Legal Department

Date : May 11, 2015

RE: Dispute Letter of April 10, 2015

Dear Experian Information Solutions, Inc.
This letter is a formal notice that you have failed to respond to my dispute letter dated
April 10, 2015. I sent this letter registered mail and have enclosed a copy of the return
receipt which your company worker signed on April 14, 2015.

As you are well aware, federal law requires you to respond within 30 days. It is now
been over that period since your receipt of my letter. As you are no doubt aware, failure
to comply with federal regulations by credit reporting agencies are in serious violation
of the Fair Credit Reporting Act and may be investigated by the FTC. *Obviously, I am
maintaining detailed records of all of my correspondence with you.*

I am aware that you may have misplaced my letter or have failed to respond to my letter
because of an oversight due to the high volume of the requests you receive daily. If this
is the case, I'm sure you'll want to handle this matter as soon as possible. For this
purpose, I have included a copy of my original request, the dated receipt of your
reception of the original letter.

The following information therefore needs to be verified and deleted from my credit
report as soon as possible:

1 - HCC SURETY Partial Account # AC25312

2 - HCC SURETY Partial Account # AC18456

3 - DSRM BANK Account # 93190000****

4 - MERRICK BANK Account # 412061308682****

Page 1

"EXHIBIT B. 7"

5 - CAPITOL ONE Account # 51780526****

Please provide me with a description of the reinvestigation procedure for all items.
Please provide me with the source of the information for all items. Please send me all
information in my consumer file. Please send me an updated copy of my credit report.
Thank you for your cooperation in advance.

Also, please do not put my report on any kind of Fraud Alert.

Sincerely,

Roy Eugene Tuck
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

PS: Please find enclosed a copy of my Drivers License and Social Security card to
verify my identity.

EXHIBIT B.2

# EXHIBIT "C.1 & C.2"

08/22/2007 09:41 FAX  9163669210          LICENSE INS  SCHOOLS                    ☑001/001

# $12,500.00 CONTRACTOR'S LICENSE BOND APPLICATION

**LICENSED
CONTRACTORS INSURANCE
AGENCY**

9828 Business Park Drive, Suite A
Sacramento. CA 95827
**(800) 544-9849 • (916) 366-0736**
These rates do not apply to Roofers, Swimming Pool Contractors or Disciplinary Bonds*
Premium subject to approval of California Department of Insurance

D.O.I. LICENSE NO. 0821935

| ☐ 1 YEAR $116.00 | ☐ 2 YEARS $195.00 | ☐ 3 YEARS $259.00 | ☐ 4 YEARS $309.00 |
|---|---|---|---|

| COMPANY NAME AS IT APPEARS ON YOUR CONTRACTOR'S LICENSE | | ☐ INDIVIDUAL  ☒ CORPORATION  ☐ PARTNERSHIP  ☐ RME/RMO |
|---|---|---|
| Sunset Palms + Landscape Inc. | | |
| STREET ADDRESS | MAILING ADDRESS if different | |
| 5465 El Arbol dr. | | |
| CITY | STATE | ZIP | TODAY'S DATE |
| Carlsbad | CA. | 92008 | 8-23-07 |
| PHONE | LICENSE CLASSIFICATION(S) | LICENSE NUMBER (if already issued) | |
| (760) 840-1809 | C-27 | 806544 | |

## INDEMNITY AGREEMENT – READ CAREFULLY AND SIGN

IN CONSIDERATION of the execution of such bond, and in compliance with a promise of the undersigned made prior thereto, the undersigned individually hereby agree, for themselves, their personal representatives, successors and assigns, jointly and severally, as follows:

1. To reimburse American Contractors Indemnity Company ("Surety") upon demand for all payments made for and to indemnify Surety from:

    (a)    all loss, contingent loss, liability and contingent liability, claim, expense, including attorneys' and consultants' fees, for which Surety shall become liable or shall become contingently liable by reason of such suretyship, whether or not Surety shall have paid same at the time of demand; and

    (b)    to pay Surety an advance premium for the first year or a fractional part thereof that is fully earned and to pay annually thereafter such annual premium for suretyship as is billed until satisfactory evidence of discharge or release of liability shall be furnished to Surety.

    (c)    upon written demand, to deposit with the Surety a sum of money requested by Surety to cover any claim, suit, expense or judgment that Surety in its absolute discretion determines necessary and the deposit shall be pledged as collateral security on any bond or other bonds the Surety may have issued or the undersigned.

2. Surety and undersigned agree that the place of performance of this agreement, including the promise to pay Surety, shall be in Los Angeles County, California and venue for any suit, arbitration, mediation or any other form of dispute resolution shall be in Los Angeles County, California.

3. Surety and Agent are authorized to investigate, at any time, the undersigned's credit and employment history and department of motor vehicle records, Privacy Notice: All nonpublic personal information gathered pursuant to the application shall not be disclosed except as permitted by law. I understand that if a credit report is issued, I may request a copy and one will be provided to me at no cost. I UNDERSTAND THAT ALL RATES ABOVE ARE SUBJECT TO CREDIT APPROVAL.

4. I/WE FULLY AGREE THAT THE FIRST YEAR'S PREMIUM OR $100.00 MINIMUM PREMIUM, WHICHEVER IS GREATER, IS FULLY EARNED UPON ISSUANCE.

### IF SOLE OWNERSHIP – FILL OUT THE BOX BELOW

| SIGNATURE | PRINTED NAME | DRIVER'S LICENSE NUMBER | SOCIAL SECURITY NUMBER |
|---|---|---|---|
| | | | |

**ALL INFORMATION ABOVE REQUIRED**

### IF PARTNERSHIP – FILL OUT THE BOX BELOW

| SIGNATURE - PARTNER AND INDIVIDUALLY | PRINTED NAME | DRIVER'S LICENSE NUMBER | SOCIAL SECURITY NUMBER | % OWNED |
|---|---|---|---|---|
| | | | | |
| SIGNATURE - PARTNER AND INDIVIDUALLY | PRINTED NAME | DRIVER'S LICENSE NUMBER | SOCIAL SECURITY NUMBER | % OWNED |
| SIGNATURE - PARTNER AND INDIVIDUALLY | PRINTED NAME | DRIVER'S LICENSE NUMBER | SOCIAL SECURITY NUMBER | % OWNED |

### IF CORPORATION– FILL OUT THE BOX BELOW

| SIGNATURE - PRESIDENT AND INDIVIDUALLY | PRINTED NAME | DRIVER'S LICENSE NUMBER | SOCIAL SECURITY NUMBER | % OWNED |
|---|---|---|---|---|
| *(signature)* | Roy E. Tuck | | | 51 |
| *(signature)* Tuck | Deborah A. Tuck | | | 49 |
| SIGNATURE - OFFICER AND INDIVIDUALLY | PRINTED NAME | DRIVER'S LICENSE NUMBER | SOCIAL SECURITY NUMBER | % OWNED |

VISA  MasterCard  AMERICAN EXPRESS  DISCOVER   or ☐ **I HAVE ENCLOSED A CHECK MADE PAYABLE TO LCIA**

| CARD NUMBER | | EXPIRATION DATE 05/11 |
|---|---|---|
| $ 1,334.00 | Roy Tuck | *(signature)* |
| AMOUNT | CARDHOLDER'S NAME | CARDHOLDER'S SIGNATURE |

**DO NOT FAX THIS DOCUMENT – WE NEED THE ORIGINAL APPLICATION**

"Exhibit C.1"

## $12,500 CONTRACTOR'S LICENSE BOND APPLICATION DEC 9 '08 6083659

Contractor: Sunset Palms and Landscape Inc.
Street Address: ~~5465 El Arbol Dr~~ 4182 GALGAR PL
City, State & Zip: ~~Carlsbad, CA 92008-4419~~ OCEANSIDE CA 92056
Date Bond To Become Effective: IMMEDIATELY
Business Phone: 760-761-9722
760-840-1809 Cell

License: 806544
Class(es): C-27
Check ☒ If you would like us to file the bond with the registrar.
One: ☐ If you would like the bond returned to you for filing.
Home Phone: 760-295-2903   Fax: 760-295-4902

### INDEMNITY AGREEMENT

I/We hereby apply for a contractor's license bond pursuant to Business & Professions Code §7071.6, §7071.8. I/We agree individually and as a firm to fully indemnify Surety Company of the Pacific against claims, costs, liabilities or legal expense resulting in any way to any bond issued pursuant to this application.

☐ If SOLE PROPRIETORSHIP, owner must sign. If married, spouse must also sign.  ☐ If PARTNERSHIP, each owner must sign for the partnership and as individual indemnitors.  ☒ If CORPORATION, president and at least one other officer must sign for the corporation and as individual indemnitors.

| Print Full Name | Sign Name | Date of Birth |
|---|---|---|
| X ROY EUGENE TUCK | Roy Eugene Tuck | |
| Social Security # | Date Signed 11-13-08 | Driver's License # |
| Print Full Name  X DEBORAH ANN TUCK | Sign Name Deborah Ann Tuck | Date of Birth |
| Social Security # | Date Signed 11-13-08 | Driver's License # |
| Print Full Name  X | Sign Name | Date of Birth |
| Social Security # | Date Signed | Driver's License # |

EXHIBIT C.2

# EXHIBIT "D.1 & D.2" D.3"

1  DEBORAH TUCK
   1600 E. Vista Way #85
2  Vista, CA 92084
   Ph: 760-840-1806
3

4  In Pro Se

5                                        FILED

6                                        JAN 2 9 2016

7

8            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF CALIFORNIA
9

10 DEBORAH TUCK,                ) Case No: '16 CV 0231 MMA NLS
                                )
11      Plaintiff,              ) CONSUMER NOTICE OF
                                ) DISPUTE OF DEBT
12      vs.                     ) PURSUANT TO 15 U.S.C. §1692 *et seq.*
                                )
13 HCC SURETY GROUP, a California Corporation, )
   AMERICAN CONTRACTORS INDEMNITY )
14 COMPANY, a California Corporation,          )
   EXPERIAN INFORMATION SOLUTIONS INC., )
15 is a business entity, form unknown,         )
                                )
16      Defendants.             )

17      __CONSUMER NOTICE OF DISPUTE OF DEBT__

18      COMES NOW, DEBORAH TUCK, pursuant to 15 U.S.C. §1692g, Fair Debt

19 Collection Practices Act (FDCPA) *hereby disputes* the *alleged* $24,817.80 dollar

20 *consumer debt*, and *any and all past or present debt's* the Defendants HCC

21 SURETY GROUP & AMERICAN CONTRACTORS INDEMNITY COMPANY,

22 both California  Corporations, EXPERIAN INFORMATION SOLUTIONS INC., is

23 a business entity, form unknown, *claims* that I the Plaintiff DEBORAH TUCK owes

24 in the above-entitled matter.

25      **THEREFORE,** this __NOTICE__ shall be deemed a request/demand for

26 "verification" and debt validation request  as defined by the United States Civil

27 Code Section 15 U.S.C. §1692(g)(1)(2)(5)(b), and California Consumer Protection

28 Statutes/Laws.

CONSUMER NOTICE OF DISPUTE OF DEBT                    PAGE 1

                    "EXHIBIT D.1"
                    Court Copy

1  Plaintiff DEBORAH  TUCK, Plaintiff In Pro Se, in the above-entitled case does

2  hereby request validation pursuant to 15 U.S.C. §1692 *et seq.*

3       **SPECIFICALLY,** I dispute as to the identity of the *true owner*(s)*(if any)* of

4  this same *alleged* $24,817.80 dollar *consumer debt*, the alleged $24,817.80  due an

5  owing, I *dispute all signatures* on  Defendants HCC SURETY GROUP,

6  AMERICAN CONTRACTORS INDEMNITY COMPANY, *unauthenticated*

7  *hearsay documents*, and the Defendant Defendants HCC SURETY GROUP &

8  AMERICAN CONTRACTORS INDEMNITY COMPANY & EXPERIAN

9  INFORMATION SOLUTIONS, INC.,  alleged authority and capacity to collect

10  and/or sue on behalf of the same. The Defendant's in the above-entitled case are

11  "debt collectors" as that term is defined by 15 U.S.C. 1692a(3).  Defendants HCC

12  SURETY GROUP & AMERICAN CONTRACTORS INDEMNITY COMPANY,

13  both California  Corporations, EXPERIAN INFORMATION SOLUTIONS,  INC.,

14  a consumer debt Reporting (CRA) agency is attempting to collect a "household

15  debt" as that term is defined by 15 U.S.C. §1692a(5).

16       **LASTLY,** I, Plaintiff DEBORAH TUCK in the year of 2012, in viewing my

17  consumer credit reports whereby it was revealed that the Defendants HCC SURETY

18  GROUP & AMERICAN CONTRACTORS INDEMNITY COMPANY, both

19  California  Corporations and EXPERIAN INFORMATION SOLUTIONS INC *are*

20  *reporting numerous alleged negative consumer debt account over numerous past*

21  *years on my personal consumer credit reports with all three major credit reporting*

22  *agencies.*

23       I, DEBORAH TUCK, hereby request the Defendants HCC SURETY GROUP

24  & AMERICAN CONTRACTORS INDEMNITY COMPANY, both California

25  Corporations, EXPERIAN INFORMATION SOLUTIONS INC , *to delete the*

26  *inaccurate information immediately from my personal consumer credit reports*

27  *pursuant to 15 U.S.C. §1681 et al.* Parties must comply with the requests herein in a

28  timely manner and completely.

EXHIBIT  D.2

1  Failure to provide the above-requested documentation will result in the Plaintiff

2  DEBORAH TUCK filing a claim for all damages and all court costs including

3  attorney's fees and costs accordingly.

4

5  Sincerely Submitted this $\underline{24}^{th}$ day of January 2016.

6

7

8              DEBORAH TUCK Defendant, In Pro Se

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "E"



**TOKIO MARINE**
HCC

**Surety Group**
601 South Figueroa Street  Suite 1600
Los Angeles, CA 90017 USA
Tel: 310-649-0990

June 2, 2016


Roy Tuck
1600 E. Vista Way, #85
Vista, CA 92084


Re:      Principal: Sunset Palms and Landscape Inc.
         Bond Number: SC6083669
         Claim Number: AC25312

Dear Mr. Tuck

We have received notification of your request for validation regarding the debt that has been reported to Experian in connection with the above referenced bond.

We previously responded to you regarding this matter. We have already provided validation of this debt, which is a debt owed per your indemnity agreement for this bond. . Enclosed for your reference are copies of our previous letters regarding this matter and supporting documents.

If our response is unclear, please call our office for clarification as we have previously provided validation of this debt. Please contact me to obtain the current balance and make payment arrangements.  When we are fully reimbursed, Experian will be updated.  We reserve all rights and defenses under the bond, the law, the indemnity agreement or otherwise. Thank you.

Sincerely,

Suzanne Baciocco
Vice President, Subrogation Manager
**On behalf of American Contractors Indemnity Company**
**Phone/Facsimile: 213-330-1324/310-649-0037**
sbaciocco@tmhcc.com


Enclosure


A member of the Tokio Marine HCC group of companies

"EXHIBIT E"